MARGARET M. KREKELER, Appellant, *against* HENRY W. THAULE *et al.* Respondents.

(Decided April 2d, 1877.)

A trustee who has taken lands under a deed from a husband in trust to convey to his wife, or her appointee, cannot, after having conveyed to the appointee, and after the appointee has conveyed to the wife, obtain any right, by forcibly taking those deeds from the wife's possession, to hold the property until he is repaid by the wife expenses incurred by him as trustee, nor is he entitled to a personal judgment against the wife therefor. Such a trust is executed, and ceases when a proper deed has been executed and delivered to the appointee, although the deed may not have been recorded.

APPEAL from a judgment of this court, entered on a decision made at special term by Judge LOEW, requiring the plaintiff to pay the defendant Thaule $906 92, and that upon such payment the defendants should execute deeds of certain lands to plaintiff.

The action was brought to have adjudged fraudulent and void two deeds of certain land in New York City ; one deed having been made by the defendant Thaule to the defendant Heinecke, and the other having been made from Heinecke to the third defendant, Wessel. The complaint asked also a judgment for damages.

The complaint alleged that the defendant Thaule, on August 9th, 1870, conveyed the land by deed to one Maria Stoddart; that on August 13th, 1870, Maria Stoddart conveyed by deed to plaintiff; that on April 15th, 1871, the defendants Thaule and Heinecke conspired to cheat plaintiff, and with that intent Thaule forcibly took from plaintiff the two last mentioned deeds, and afterwards, on April 18th, 1871, conveyed said land by deed to the defendant Heinecke, and recorded the same ; that afterwards the defendant Heinecke, by direction of Thaule, conveyed by deed to the defendant Wessel ; that this deed was recorded, and that the considerations for these two deeds were " pretended," and that Wessel knew when he took his deed that plaintiff was in possession, claiming under her title from Maria Stoddart.

The defendant Thaule admitted making a contract of sale of the land with Maria Stoddart; alleged that Maria never performed the agreement on her part, and denied the other allegations of the complaint. The answer of Wessel alleged that he bought the land in good faith, and for value paid, before knowledge of plaintiff's claim, and denied any knowledge as to the other allegations of the complaint.

The court, at special term, on these issues, found as facts, that prior to August 1st, 1870, the land in question was conveyed to the defendant Thaule, in trust for the plaintiff; that Thaule conveyed as aforesaid to Heinecke, and Heinecke to Wessel; that the defendants in open court offered to allow judgment that the defendants convey all their interest in the land to plaintiff, upon plaintiff's paying or securing payment of all expenses Thaule had incurred by reason of the trust. The court further found as conclusions of law and adjudged that plaintiff pay the defendant Thaule his expenses on account of the trust, and the costs of the action, and that upon such payment of the expenses the defendants execute deeds of the land to the plaintiff. A reference was also ordered, to hear and determine the matter of expenses, and upon his report judgment for the amount reported and costs was entered.

*Peter Mitchell*, for appellant.

*D. M. Porter*, for respondents.

Van Hoesen, J.—William Krekeler, the husband of plaintiff, conveyed to the defendant Thaule the house and lot known as No. 414 East Eleventh street, under an agreement that Thaule should convey the property to the wife of Krekeler, the plaintiff, or to such person as she might designate. William Krekeler was embarrassed, and, though the question does not arise here, it is obvious that the title was placed in Thaule's name for the purpose of baffling Krekeler's creditors. Within a few days after the conveyance to him, Thaule conveyed the property to one Maria Stoddart, the nominee of Mrs. Krekeler, and Stoddart forthwith con-

veyed it to the plaintiff. The plaintiff never placed upon record the conveyance from Thaule to Stoddart, or the conveyance from Stoddart to herself.

The agreement or trust under which Thaule received and held the property was fully executed, and it terminated when Thaule executed the conveyance to Maria Stoddart. The records still showed, however, that Thaule was the owner of the property, and there is no doubt that he was willing to lead the creditors of Krekeler to believe that he was the actual owner, though he had parted with even the nominal interest he had acquired through Krekeler's deed to him. Thaule permitted actions to be brought and defended in his name, and in those actions costs and expenses were necessarily incurred, part of which were paid by him.

Thaule demanded reimbursement for those costs and expenses from Krekeler and his wife, who refused to acknowledge the validity of his claim. He then sought to obtain from Mrs. Krekeler a mortgage upon certain property of hers in Eldridge street, and it is difficult, if not impossible, to determine from the evidence whether he sought that security as an indemnity against those costs and expenses, or whether as a substitute for a second mortgage which he held upon the Eleventh street house.

However that may be, he went to Mrs. Krekeler's rooms, induced her to exhibit to him the deed from himself to Stoddart, and the deed from Stoddart to her, and when he had got them in his hands, placed them in his pocket and instantly fled from the house. The deeds were not on record, and taking advantage of that fact, he conveyed the property to his housekeeper, Metta Heinecke, who conveyed it to the defendant Wessel, and there is no doubt from the evidence and from the course of the defendants in the trial, that the two conveyances last mentioned were voluntary, and made for the sole purpose of placing the property beyond the plaintiff's reach. Thaule's claim in this action amounts to this : that by taking the deeds violently from Mrs. Krekeler, he acquired an equity in the property, which entitles him to hold it until he shall be paid the costs and expenses he had pre-

In the Matter of Page, a Lunatic.

viously incurred in the actions prosecuted or defended in his name. The mere statement of his claim answers it completely. We cannot, therefore, agree with the special term in its conclusion that Thaule was entitled, before he and the other defendants reconveyed the premises to plaintiff, to be allowed such payments, nor with the conclusion that he was entitled to a personal judgment against her for the amount of such payments.

The judgment should be reversed, and a new trial ordered, costs to abide event.

JOSEPH F. DALY, J., concurred.

Judgment reversed, and new trial ordered, with costs to abide event.